UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No. 1:20-cr-10153-IT |
| BRYAN MILEIKIS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

July 20, 2023

TALWANI, D.J.

Defendant Bryan Mileikis is charged with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and faces a forfeiture allegation under 18 U.S.C. § 2253. Indictment [#18]. Before the court is Defendant's Second Motion to Suppress Evidence and Request for Evidentiary Hearing ("Motion") [Doc. No. 130]. Mileikis again challenges three search warrants for lack of probable cause and seeks a hearing under Franks v. Delaware, 438 U.S. 154 (1978). For the reasons stated in the court's prior Orders [Doc. Nos. 52, 120] and discussed below, Defendant's Motion is DENIED.

I. Background and Procedural History

The background and procedural history of this case are addressed in the court's orders denying Defendant's Motion to Suppress and Request for Franks Hearing [Doc. No. 40] and Motion to Compel [Doc. No. 111]. See June 7, 2021 Mem. and Order [Doc. No. 52]; Feb. 22, 2023 Mem. and Order [Doc. No. 120].

At the hearing on the pending motion, the court agreed to view again the still image[1] presented to the Magistrate Judge with the warrant application. See Elec. Clerk's Notes [Doc. No. 134]. The court subsequently reviewed the still image *in camera*.

II. Legal Standard

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A warrant application must demonstrate probable cause to believe that (1) a crime has been committed - - the 'commission' element, and (2) enumerated evidence of the offense will be found at the place to be searched - - the so-called 'nexus' element." United States v. Anzalone, 923 F.3d 1, 4 (1st Cir. 2019) (citing United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999)). The probable cause determination is "a practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)); see also United States v. Moore, 790 F.2d 13, 15 (1st Cir. 1986) ("Probable cause exists when given all the circumstances, there is a fair probability that contraband or evidence will be found in the place described." (quotations omitted)). "That standard requires only 'the kind of "fair probability" on which "reasonable and prudent [people,] not legal technicians, act."'" United States v. Sheehan, 70 F.4th 36, 44 (1st Cir. June 8, 2023) (quoting Florida v. Harris, 568 U.S. 237, 244 (2013) (alteration in original) (quoting Gates, 462 U.S. at 238)).

---

[1] The still image is from a video referred to in these proceedings as "IMG_1724.mp4." See June 7, 2021 Mem. & Order 3-4 [Doc. No. 52]; Feb. 22, 2023 Mem. & Order 1 n.1 [Doc. No. 120].

Probable cause "does not demand certainty, or proof beyond a reasonable doubt, or even proof by a preponderance of the evidence[.]" United States v. Rivera, 825 F.3d 59, 63 (1st Cir. 2016) (quotations omitted). Moreover, "[a] grudging or negative attitude by reviewing courts towards warrants…is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, [so] courts should not invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." Gates, 462 U.S. at 236 (internal citations and quotations omitted). Doubtful cases should be resolved in favor of upholding the warrant. United States v. Ventresca, 380 U.S. 102, 106 (1965).

At the same time, "'[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.'" Sheehan, 70 F. 4th at 44-45 (quoting Gates, 462 U.S. at 239). Accordingly, the court looks to "'ensure that the magistrate had a substantial basis for concluding that probable cause existed.'" Id. at 45 (quoting United States v. Joubert, 778 F.3d 247, 252 (1st Cir. 2015) (quoting Gates, 462 U.S. at 238-39)).

A defendant requesting a Franks hearing "must make a 'substantial preliminary showing' that the affidavit included a false statement which was made either knowingly and intentionally or with reckless disregard for the truth, and that this misstatement was necessary to the finding of probable cause." United States v. Nelson-Rodriguez, 319 F.3d 12, 34 (1st Cir. 2003) (citing Franks, 438 U.S. at 155-56); United States v. Adams, 305 F.3d 30, 36 n.1 (1st Cir. 2002)). "A material omission in the affidavit may also qualify for a Franks hearing in place of a false direct statement, provided the same requisite showing is made." Nelson-Rodriguez, 319 F.3d at 34 (citing United States v. Scalia, 993 F.2d 984, 987 (1st Cir. 1993)); see also United States v. Fuccillo, 808 F.2d 173, 178 (1st Cir. 1987).

III. Discussion

Defendant argues that the affidavit submitted to the Magistrate Judge by Homeland Security Investigations Special Agent DeFreitas ("Search Warrant Affidavit") in support of three search warrant applications contained false statements and material omissions for which Defendant is entitled to Franks hearing and which ultimately vitiate probable cause. Amend. Mem. in Supp. of Motion ("Mem.") 21-28 [Doc. No. 132]. Specifically, Defendant contends that (1) DeFreitas's statements as to the age of the subject depicted in IMG_1724.mp4 were false, (2) the still image from IMG_1724.mp4 DeFreitas selected was unrepresentative of IMG_1724.mp4, (3) DeFreitas omitted material information regarding a "de-aging filter," and (4) DeFreitas omitted material information about the nature of the report received by the messaging application Kik Messenger. Defendant contends that these false statements and material omissions were made deliberately or with reckless disregard for the truth, and that, under United States v. Tanquay, 787 F.3d 44 (1st Cir. 2015), DeFreitas was obligated to engage in further inquiry before submitting the warrant applications, and that his material omissions, false statements and failure to engage in further inquiry warrant a Franks hearing.

In opposition, the government contends that Defendant has not raised any arguments he has not or could not have previously raised and asserts that the opinion of Dr. Howard Kay as to the subject's age is irrelevant to the probable cause determination made by the Magistrate Judge. Gov't's Omnibus Opp'n to Def.'s (Second) Mot. to Suppress Evidence and (Second) Request for a Franks Hearing ("Opposition") [Doc. No. 133].

A. Alleged Misstatements and Omissions

*i. Statements as to Age in Affidavit*

Defendant contends that Special Agent DeFreitas's statements in the Search Warrant Affidavit [Doc. No. 40-5] as to the age of the subject in IMG_1724.mp4, including that she was "prepubescent" and "between the ages of 8-10 years old," were either knowingly false statements or false statements made with reckless disregard for the truth, given that other individuals who reviewed the video, including Defendant's counsel, Defendant's moving media expert Michael Garneau, and pediatrician Howard Kay, M.D., concluded that the subject is "clearly post-pubescent." Mem. 19-20 [Doc. No. 132] (citing Decl. of Atty David J. Grimaldi [Doc. No. 132-3]), March 14, 2023 Letter of Howard Kay, M.D. in Support of Def.'s Motion ("Kay Letter") [Doc. No. 132-4] and Sept. 8, 2022 Letter of Michael Garneau ("Garneau Letter") [Doc. No. 115-1]).[2]

The court starts by considering whether it was probable that the person depicted in IMG_1724.mp4 was a child based on the remaining portions of DeFreitas's description of the video (which Defendant does not challenge) and the image itself (which was viewed by the Magistrate Judge and this court). See U.S. v. Syphers, 426 F.3d 461, 465 (1st Cir. 2005) ("[t]his case concerns the sufficiency of the affidavit to support probable cause, not the sufficiency of

[2] Defendant also cites to DeFreitas's affidavit submitted in connection with a warrant in an unrelated case, United States v. Irons, 4:20-cr-40029-MGM, as evidence that DeFreitas knew what indicia–breast development and the presence or absence of pubic hair–to look for in considering the age of the subject of the video. Mem. 20-21 [Doc. No. 132]. The affidavit in Irons holds no significance here. First, there is no indication in Irons as to whether the affidavit was accompanied by the video or still image at issue. Second, here, where the description in the Search Warrant Affidavit is accompanied by the still image as discussed further infra, it is sufficiently specific to support probable cause.

evidence for a conviction"). Defendant does not dispute that the subject is naked, "sitting on the floor, her breast exposed, with her legs spread open exposing her vagina" and that she "is repeatedly penetrating her vagina with an object." Search Warrant Aff. ¶ 12 [Doc. No. 40-5]. The subject's breasts, while visible, are small and she appears to have no pubic hair. As the court previously held, "DeFreitas's assertions in the Search Warrant Affidavit [Doc. No. 40-5], including the detailed description of the video IMG_1724.mp4, coupled with the still image from the video, established probable cause to believe that the crime of possession of child pornography was committed and that the evidence of that crime would be found in the places to be searched." Mem. and Order 3 [Doc. No. 120]; see also Mem. and Order 9 [Doc. No. 52].

Defendant's experts offer no rebuttal to this finding. First, Defendant offers no support, and the court has found none, for proposition that a magistrate judge, who has viewed the image as recommended by the First Circuit, also needs expert testimony to determine whether it is likely that the subject is a child. Second, even if Defendant's proffered expert testimony is considered, it does not detract from the probability that the subject is a child. Only Defendant's media expert discusses the size of the subject's breasts, and he acknowledges that they are "small." Garneau Letter [Doc. No. 115-1]. Defendant offers Dr. Kay's opinion that the subject is "at the very least 13 years of age," in her "mid to late adolescence," and "probably 15 to 19 years of age." Letter of Howard Kay, M.D. [Doc. No. 132-4]. Dr. Kay's conclusion is based on his observation of "the size, shape, and direction of her nipple" and "enlargement of the labia majora," and the assumption that the absence of public hair "indicates that it has been removed." Id. But while his opinion may rebut the statement that the subject is prepubescent and may create reasonable doubt to undermine a child pornography conviction based on the video, it does not

undermine probable cause that the individual depicted was a minor and that the crime of possession of child pornography was committed.

Defendant's reliance on United States v. Morel, 922 F.3d 1 (1st Cir. 2019), is also misplaced. Defendant contends that, under Morel, more evidence is required where the subject appears older, and that DeFreitas described the subject as younger to insulate the Affidavit from scrutiny. Mem. 21-23, 26 [Doc. No. 132]. However, Morel considered whether probable cause had been established solely based on an affidavit describing images of alleged child pornography and the ages of the children depicted, whereas here the Affidavit was accompanied by an image and the Magistrate Judge was able to make her probable cause determination by reviewing the image itself. See Search Warrant Aff. 22 [Doc. No. 40-5].

The court considers finally Defendant's charge that DeFreitas's statement that the child was "prepubescent" and "between the ages of 8-10 years old," were either knowingly false statements or false statements made with reckless disregard for the truth. Had the image not been provided to the Magistrate Judge, the description, which ignored the child's visible breasts would require greater consideration. But where DeFreitas followed the First Circuit's preferred practice of providing the image itself to the Magistrate Judge, the statement is of no import.

*ii. The Still Image*

Defendant contends DeFreitas intentionally selected for the Magistrate Judge's review an unrepresentative still image from IMG_1724.mp4 that minimized the visibility of a filter or graphic overlay of a halo of hearts around the subject's head and face. Mem. 11-12 [Doc. No. 132]. Defendant asserts that the filter or graphic overlay has the effect of "de-aging" the subject's face and that the "otherwise obvious" filter is "nearly impossible" to detect in the still image. Mem. 11 [Doc. No. 132]. Defendant contends that there can be no justification for DeFreitas's

selection other than to minimize the visibility of the filter. Id. Defendant contends further that the Search Warrant Affidavit was misleading because if its failure to mention the filter. Mem. 22-23 [Doc. No. 132].

But Defendant's argument that the filter is "nearly impossible" to detect in the still image ignores the fact that a heart is visible above the subject's head and face in the still image and to the extent that hearts signal that a "de-aging" filter may have been used on the subject's face, that possibility is evident from the still image, which was presented to the Magistrate Judge. Moreover, as the court held in its Memorandum and Order on the Motion to Compel 11 [Doc. No. 120], Defendant has not demonstrated that the presence or absence of a filter over the subject's face was critical to the probable cause determination and it is hardly misleading to omit discussion of the filter, where a heart can be observed in the accompanying still image.

Defendant further contends that the submission of any still image in lieu of IMG_1724.mp4 itself deprived the Magistrate Judge of the ability to observe the subject's movements. Mem. 11-12 [Doc. No. 132]. But the Magistrate Judge was provided a description of those movements in the Search Warrant Affidavit, and Defendant and his experts point to no aspect of the movements that would have assisted the Magistrate Judge in her probable cause determination.

As to the submission of IMG_1724.mp4 itself, Defendant points to no authority for the proposition that the Magistrate Judge must not only view a still image but must also watch the video from which the image is taken.

*iii. Details from the Kik Report*

Defendant contends that DeFreitas should have, but failed to, inform the Magistrate Judge about certain details pertaining to Kik Messenger's report to law enforcement regarding

IMG_1724.mp4 (the "Abuse Report"), and that DeFreitas's omissions were made with knowledge or reckless disregard of the truth. Mem. 24-25 [Doc. No. 132]. Specifically, Defendant contends that DeFreitas should have informed the Magistrate Judge that IMG_1724.mp4 did not match any of the 92,000 known images of child exploitation in Kik's internal hash matching system, that Kik did not categorize the reported material as "child pornography," and that Kik deemed the user associated with IMG_1724.mp4–identified in the Affidavit as Mileikis– as "Not High Risk." Id.

The court rejected similar concerns in its Memorandum and Order on Defendant's First Motion to Suppress 12 [Doc. No. 52]. Details about how IMG_1724.mp4 was reported, including how Kik described the file or the user, are irrelevant to the Magistrate Judge's independent probable cause determination.

B. Duty of Further Inquiry

Defendant contends that the (i) subject's appearance in IMG_1724.mp4, including "clear pubertal development and age of 'probably 15 to 19 years of age'" and (ii) the presence of a filter or overlay created a duty of further inquiry under United States v. Tanquay, 787 F.3d 44 (1st Cir. 2015).

In Tanquay, the First Circuit noted, "all that is required to trigger an officer's duty of further inquiry is her knowledge of an obvious and unexplored reason to doubt the truthfulness of the allegations." Id. at 53. Here, Defendant contends that DeFreitas's knowledge of the subject's age and development, accompanied by his knowledge of the social media filter, created a duty to perform additional investigation, such as by submitting IMG_1724.mp4 to a pediatrician, or submitting the request to the National Center for Missing and Exploited Children to inquire whether the subject is a known victim. Mem. 29 [Doc. No. 132]. However, the

allegation sufficient to sustain probable cause here is that the subject of IMG_1724.mp4 was a minor. Defendant has not pointed to any evidence that shows that DeFreitas should have doubted the truth of that allegation and conducted further investigation. Indeed, Defendant's close review of the IMG_1724.mp4, accompanied by the opinion of a trained pediatrician only raise questions as to whether the individual depicted is older than DeFreitas assessed, but still leaves likely that the individual is a minor. See id. at 20; Kay Letter [Doc. No. 132-4]. Nor has Defendant shown that the presence of a filter, in and of itself, should have caused DeFreitas to doubt that IMG_1724.mp4 depicted a minor. Accordingly, DeFreitas was under no duty of further inquiry.

C. Request for a Franks Hearing

Defendant is also not entitled to a Franks hearing. To warrant a Franks hearing, a defendant must make a "'substantial preliminary showing'" that the omissions or misstatements "he identifies were 'made knowingly and intentionally' or 'with reckless disregard for the truth'" and that such statements "were 'necessary to the finding of probable cause.'" United States v. Castillo, 287 F.3d 21, 25 (1st Cir. 2002) (quoting Franks, 438 U.S. at 155-156). Here, Defendant has not shown that (i) DeFreitas's statements regarding the age of the subject depicted in IMG_1724.mp4, (ii) the omission of a description of the filter in IMG_1724.mp4, or (iii) the omission of the video itself from the submission to the Magistrate Judge amount to omissions or misstatements that were *necessary* to the finding of probable cause. As discussed supra, the probable cause finding rested instead on the Magistrate Judge's review of the still image. Accordingly, the alleged misstatements and omissions do not warrant a Franks hearing.

## IV. Conclusion

Accordingly, for the aforementioned reasons, Defendant's Second Motion to Suppress and Request for a Franks Hearing [Doc. No. 130] is DENIED.

IT IS SO ORDERED.

Date: July 20, 2023

/s/ Indira Talwani
United States District Judge